UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT R. ESTRELLA,<br><br>        Plaintiff,<br><br>    v.<br><br>STEPHANIE A. AREND, HILLARY ANN HOLMES,<br><br>        Defendant. | CASE NO. 3:21-CV-5835-BHS<br><br>AMENDED REPORT AND RECOMMENDATION RE: APPLICATION TO PROCEED IN FORMA PAUPERIS<br><br>Noting Date: December 24, 2021 |

    This Amended Report and Recommendation is a complete replacement for the report and recommendation filed on December 7, 2021 (Dkt. 3). This Amended Report and Recommendation renders the previously filed Report and Recommendation (Dkt. 3) moot and, thus, that Report and Recommendation (Dkt. 3) is stricken.

    This matter comes before the Court on Plaintiff's motion to proceed *in forma pauperis* (Dkt. 1) and on his proposed Complaint (Dkt. 1-1). Plaintiff, Robert R. Estrella (Plaintiff), *pro se*, initiated this action on November 12, 2021, alleging civil rights violations. *Id*. The District Court has referred Plaintiff's pending Application to Proceed In Forma Pauperis (IFP) and

Proposed Complaint (Dkt. 1) and Emergency Motion for Declaratory Relief (Dkt. 2) to United States Magistrate Judge David W. Christel pursuant to Amended General Order 02-19.

In his Complaint, Plaintiff alleges Defendants—a judge and a lawyer—are violating his federal constitutional and statutory rights by garnishing his Veteran Administration (VA) benefits and Social Security Insurance (SSI) benefits to pay spousal support to his former wife. Dkt. 1-1 at 9. Plaintiff argues that these benefits are exempt "from alimony and child support orders" under 38 USC § 511 and 42 USC § 405, so by garnishing them to pay spousal support Defendants violated 42 USC § 1983, 42 USC §1985, and "Common Law Torts". Dkt. 1-1 at 1. He seeks the following relief:

1. A declaratory judgment and a permanent injunction against Defendants.
2. A jury trial where he would seek punitive damages.
3. Recovery of his federal records from "the State and other Defendants because they have no right to possession or review of these records."
4. An injunction against the State of Washington.
5. Any other relief the Court deems "necessary and appropriate."

Dkt. 1-1 at 10.

The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a); Local Civil Rules 3(b). However, the "privilege of pleading *in forma pauperis* . . . in civil actions for damages should be allowed only in exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). The court has broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

Here, Plaintiff's affidavit and *in forma pauperis* application show that he is unable to prepay fees and costs. *See* Dkt. 1. Nevertheless, even when a plaintiff satisfies the financial requirements for eligibility to proceed *in forma pauperis*, the Court's review of the application and underlying complaint is not complete. Under the *in forma pauperis* statute, the Court must

dismiss the case *sua sponte* if it determines at any time that (1) the allegation of poverty is untrue, (2) the action is frivolous or malicious, (3) the complaint fails to state a viable claim, or, (4) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). Indeed, "1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citing *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)).

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted). However, the pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

The Court finds Plaintiff has failed to show that he is entitled to proceed *in forma pauperis* because his complaint fails to state a claim for relief. Plaintiff alleges Defendants violated his federal Constitutional and statutory rights by garnishing his VA and SSI benefits, and that doing so violates 38 USC § 511 and 42 USC § 405. However, 38 USC § 511—entitled "Decisions of the Secretary; finality"—states:

> (a) The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

    (b) The second sentence of subsection (a) does not apply to—

    (1)    matters subject to section 502 of this title;
    (2)    matters covered by sections 1975 and 1984 of this title;
    (3)    matters arising under chapter 37 of this title; and
    (4)    matters covered by chapter 72 of this title.

Nothing in this section proscribes garnishment of VA or SSI benefits to pay spousal support. Therefore, by alleging Defendants violated this title, Plaintiff has not alleged the violation of a constitutional or statutory right.

    The other law Plaintiff claims Defendants violated—42 USC § 405—is a 26-page statute that outlines the Commissioner of Social Security's power and authority to make rules, regulations, and procedures for determining entitlement to program benefits. Nothing in this title proscribes the garnishment of VA or SSI benefits to pay spousal support. Notably, a search of the Social Security Handbook indicates that SSI benefits can "be garnished in order to collect unpaid child support and or alimony," among other reasons. *See* Social Security Handbook § 129.2. In any case, by alleging Defendants violated this title, Plaintiff has not stated a facially plausible claim for relief.

    In addition, this action seeks monetary relief from a state court judge who is immune from liability pursuant to *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976), and from a civil attorney who does not qualify as a state actor under 42 U.S.C. § 1983[1]. Therefore, even if

---

[1] To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. Int'l Bus. Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or failing to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633.

AMENDED REPORT AND RECOMMENDATION
RE: APPLICATION TO PROCEED IN FORMA
PAUPERIS - 4

Plaintiff had stated a plausible denial of rights, he would still fail to state a claim for relief pursuant to 42 USC § 1983.[2]

Unless it is clear a *pro se* plaintiff cannot cure the deficiencies of a complaint, the Court will provide the *pro se* plaintiff an opportunity to amend the complaint to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment."). Here, it is clear amendment cannot cure the deficiencies discussed, *supra*, because the facts plead by Plaintiff cannot support a plausible claim that Defendants are liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Therefore, the Court should deny Plaintiff's motion to proceed *in forma pauperis* (Dkt. 1), without leave to amend, and should dismiss this case with prejudice.

Finally, in light of Plaintiff's failure to provide a servable Complaint, all pending motions, including the Emergency Motion for Declaratory Relief (Dkt. 2), should be denied as moot.

///

///

///

---

[2] Plaintiff also claims he is entitled to his requested relief pursuant to 42 USC § 1985, which does not convey a private right of action, and "Common Law Torts," which is not a theory of liability.

AMENDED REPORT AND RECOMMENDATION
RE: APPLICATION TO PROCEED IN FORMA
PAUPERIS - 5

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. See 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on December 24, 2021, as noted in the caption.

Dated this 8th day of December, 2021.

David W. Christel
United States Magistrate Judge