UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT R. ESTRELLA,

                Plaintiff,

    v.

STEPHANIE A. AREND, et al.,

                Defendants.

CASE NO. C21-5835 BHS

ORDER ADOPTING REPORT
AND RECOMMENDATION

      THIS MATTER is before the Court on Magistrate Judge David W. Christel's
Amended Report and Recommendation ("R&R"), Dkt. 4. Judge Christel recommends
that the Court deny pro se Plaintiff Robert Estrella's motion for leave to proceed *in forma
pauperis* and dismiss this matter with prejudice and without leave to amend. *Id*. at 5.

      Estrella sued Defendants Pierce County Superior Court Judge Stephanie Arend
and attorney Hillary Holmes, alleging that they violated his constitutional and other
federal rights, apparently when Judge Arend agreed with Attorney Holmes that Estrella's
Veterans Administration ("VA") and Social Security ("SSA") benefits should be paid to
his former spouse as alimony or maintenance. *See* Dkt. 1-1 at 9.

1    Judge Christel's R&R determined that, while Estrella was indigent for purposes of

2    28 U.S.C. § 1915, he had not stated a plausible claim against Arend or Holmes and that

3    he could not amend his complaint to state a plausible claim. *See* Dkt. 4. Specifically, the

4    R&R determined that the statues at issue do not preclude the potential for garnishment,

5    that Arend was entitled to absolute judicial immunity, and that Holmes was not a state

6    actor for purposes of 42 U.S.C. § 1983. *Id.*

7    Estrella objects to the R&R, reiterating his claim that the defendants' "illegal

8    conduct" stripped them of any immunity. Dkt. 5.

9    A district judge must determine de novo any part of a magistrate judge's proposed

10   disposition to which a party has properly objected. The district judge may accept, reject,

11   or modify the recommended disposition; receive further evidence; or return the matter to

12   the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3). A proper objection

13   requires specific written objections to the findings and recommendations in the R&R.

14   *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Objections

15   to a R&R are not a vehicle to relitigate the same arguments carefully considered and

16   rejected by the Magistrate Judge. *See, e.g.*, *Fix v. Hartford Life & Accident Ins. Co.*, CV

17   16–41–M–DLC–JCL, 2017 WL 2721168, at *1 (D. Mont. June 23, 2017) (collecting

18   cases).

19   Estrella's objections do not address the bases for the R&R, and they do not require

20   or warrant a different outcome. The underlying rulings did not violate Estrella's

21   constitutional rights, and the Judge who made them is immune from suit as a matter of

22   law. Estrella's former spouse's attorney is not a state actor, as a matter of law. The

remedy for an erroneous outcome in state court is an appeal to the state court of appeals, not a federal lawsuit against the judge or one's adversary's attorney.

Estrella's objections are OVERRULED, and the R&R is ADOPTED. This matter is dismissed, with prejudice and without leave to amend. Any other pending motions are denied as moot.

The Clerk shall enter a JUDGMENT and close the case.

**IT IS SO ORDERED.**

Dated this 7th day of March, 2022.

BENJAMIN H. SETTLE
United States District Judge